IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAYMON EASON, SR.,<br>    PETITIONER, | §<br>§<br>§ | |
| V. | § | CIVIL NO. A-24-CV-01324-DII |
| | § | |
| BOBBY LUMPKIN,<br>    RESPONDENT. | §<br>§<br>§ | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction out of the 390th Judicial District Court of Travis County, Texas. Petitioner pleaded guilty to murder and was sentenced to 50 years in prison on October 25, 2018. Petitioner did not file a direct appeal. He did, however, challenge his conviction in a state application for habeas corpus relief.

Petitioner's application was filed on or about July 6, 2023. On February 14, 2024, the Texas Court of Criminal Appeals denied it without written order on the trial court findings. *Ex parte Eason*, Appl. No. WR-72,657-02-02.

Petitioner's petition is barred by the one-year statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on November 26, 2018, at the conclusion of time during which he could have appealed his conviction. *See* TEX. R. APP. P. 26.2(a). Absent tolling, Petitioner's federal petition to be timely had to be filed by November 26, 2019. Petitioner did not execute his federal petition until October 22, 2024, nearly five years after the limitations period expired.

Petitioner's state application did not operate to toll the limitations period, because it was filed after the limitations period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

On November 2, 2024, the Court ordered Petitioner to show cause why his petition should not be dismissed as time-barred. Petitioner responds, because he had no right to appeal his conviction after he pleaded guilty pursuant to a plea bargain agreement, he had no notice that would start his one-year limitations period. Petitioner incorrectly believed he could seek further evidence to support his claims "without a time frame."

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner bears the burden of establishing equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (per curiam).

Petitioner's ignorance of the law does not warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance that warrant equitable tolling). Moreover, Petitioner fails to show he diligently pursued his claims in the six years following his conviction. Accordingly, Petitioner's habeas corpus petition is time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court denies Petitioner a certificate of appealability.

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on November 20, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE